NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELMER ROSENDO LOPEZ-RODRIGUEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    21-70418

Agency No. A206-082-632

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 10, 2022
Seattle, Washington

Before:  BERZON, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Elmer Lopez-Rodriguez seeks review of the Board of Immigration

Appeals' (BIA) denial of his applications for asylum, withholding of removal, and

relief under the Convention Against Torture (CAT). We have jurisdiction under 8

U.S.C. § 1252. We grant the petition in part, deny in part, and remand to the BIA for

further proceedings.

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (alteration in original) (citation omitted). "We review questions of law de novo and the agency's factual findings for substantial evidence." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (internal quotation marks and citation omitted).

**1.** ***Asylum and Withholding of Removal.*** The BIA's denial of Lopez-Rodriguez's applications for asylum and withholding of removal is supported by substantial evidence. Lopez-Rodriguez failed to establish that his proposed social group, "young male business owners who are targeted for gang membership based on the gang wanting the resources and connections that the business owner has access to, and who refuse to join the gang," is cognizable. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) (affirming BIA's determination that "Mexican wealthy business owners who do not comply with extortion attempts" was not a cognizable particular social group); *Ochoa v. Gonzales*, 406 F.3d 1166, 1170 (9th Cir. 2005) (affirming BIA's determination that "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" was not a cognizable particular social group). The record presented does not demonstrate that Lopez-Rodriguez's proposed group is "composed of members

2

who share a common immutable characteristic" or that Guatemalan society perceives young male business owners as a distinct social group. *See Macedo Templos*, 987 F.3d at 882 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). As such, we affirm the BIA's conclusion that Lopez-Rodriguez has not demonstrated eligibility for asylum or withholding of removal based on his membership in a particular social group. *See Cordoba*, 962 F.3d at 483.[1]

**2. *CAT Relief.*** The BIA erred when denying Lopez-Rodriguez's application for CAT relief for failure to show torture by the government or with government acquiescence. When analyzing a CAT claim, the BIA must consider "all relevant evidence," including a petitioner's credible testimony and evidence of country conditions. *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018). Failure to do so constitutes reversible error. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1089 (9th Cir. 2020); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010).

Here, Lopez-Rodriguez's country reports provide evidence of corruption by Guatemalan public officials, including police officers, in connection with organized criminals. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1186 (9th Cir. 2020) (remanding to the BIA where "the country conditions evidence shows that

---

[1]Because Lopez-Rodriguez cannot establish membership in a particular social group, we need not address whether he has established the requisite nexus between his claimed persecution and his status as a young, male business owner. *See Cordoba*, 962 F.3d at 483.

corruption of government officials, especially of the police with regard to drug cartels, and specifically with regard to [a Mexican gang], remains a major problem in Mexico."). Additionally, Lopez-Rodriguez testified at several points that he and the rest of his community did not go to the police or report gang threats and attacks because it was common knowledge that the gang controlled the police and would retaliate against those who tried to report against them. He also submitted several letters from his community members and family documenting corruption by the police and other governmental officials within his community and the country at large. *See Aguilar-Ramos*, 594 F.3d at 705 (remanding where "[t]here [wa]s evidence in the record that suggests that gangs and death squads operate in El Salvador, and that its government is aware of and willfully blind to their existence."). Neither the IJ nor the BIA considered Lopez-Rodriguez's country reports when analyzing his CAT claim, nor did they explain why his testimony and documentary evidence failed to establish government acquiescence or willful blindness.

Because we cannot assume that the IJ and BIA considered evidence they did not discuss, we remand to the BIA to consider "all relevant evidence" regarding Lopez-Rodriguez's likelihood of future torture through government acquiescence or willful blindness. *See Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) ("[W]here there is any indication that the BIA did not consider all of the evidence before it . . . the decision cannot stand." (citation omitted)).

4

**GRANTED IN PART; DENIED IN PART; REMANDED.**[2]

---

[2]Each party shall bear its own costs. *See* Fed R. App. Proc. 39(a)(4).